# Duryea Borough School District Special Board of Control

*J. Earl Langan,* for petitioners.

*David Stahl,* Attorney General, and *Bernard Mendelsohn,* Assistant Attorney General, for respondents.

PINOLA, P. J., January 23, 1962.—On December 28, 1961, Joseph Piorkowski, Joseph David, Joseph Sobeski and William Rupp, four taxpayers, who are elected members of the School Board of the School District of Duryea Borough, presented their petition asking that the two members appointed by the court to the special board be removed for (1) violation of trust and confidence reposed in them by the court, (2) because of their flagrant abuse of powers and (3) because they deliberately usurped the rights and powers vested in the elected school directors.

A rule was granted upon the two appointed members of the board of control to show cause why they should not be removed.

Charles Burkel and Edward Dugan were appointed on July 31, 1961, by the court on the petition of Harold O. Speidel, administrator of distressed school districts, in accordance with the provisions of the Public School Code of March 10, 1949, P. L. 30, as amended.

Under the code, they had authority to assume control of the affairs of the Duryea Borough School District.

At the general election held November 7, 1961, the voters of Duryea Borough joined with the voters of Avoca, Dupont, Hughestown, Jenkins Township, Pittston Township and Yatesville Borough, in merging all

of the school districts into one district which begins to function on the first Monday of July 1962.

The total number of regularly elected school directors of these seven school districts is 37.

Under the Act of September 12, 1961, P. L. 1261, 24 PS §2-263:

"The school directors of each newly formed district shall have the power, prior to the first Monday in July aforesaid, to meet, adopt a budget, levy and assess taxes, and perform all acts and functions necessary which would enable the merged district to properly function on the date the merger is effected."

The county superintendent of schools called a meeting of all the regularly elected directors, which was held at Dupont on December 18, 1961. He also invited members of the Special Boards of Control of Yatesville Borough, Jenkins Township and Duryea Borough.

A few minutes prior to the time for convening the meeting, the directors of the Duryea district were informed by Mr. Speidel, the administrator of distressed school districts, and Victor E. Celio, his assistant, who is a member of the Board of Control in Duryea, that they, the directors, would not be allowed to vote in the organization of the merged districts, that the votes for the Duryea district would be cast by Messrs. Celio, Burkel and Dugan.

When so informed, the petitioners, together with 13 directors from other districts, left the meeting room because they considered the action of the three illegal and a usurpation of the powers and rights of the duly elected directors of Duryea.

Prior to the said meeting, Edward Dugan, one of the appointees of the court, asked the writer, who had appointed him and his colleague, whether they had the right to supersede the duly elected officers at the organization meeting. He was told that they had no such

right, and he was instructed that he and his colleagues should not attempt to vote thereat. In spite of such advice and instruction, they proceeded to vote at the organization meeting, doing so on the representation of Speidel that Deputy Attorney General Killian had given him an informal opinion that they had the right to do so.

In so acting, the appointees of the court flagrantly abused the confidence and trust reposed in them by the court. It is no excuse that they acted on the order of Speidel. They sought the advice of the court and, being the appointees of the court, it was their duty to follow the instructions of the court.

The Boards of Control for Yatesville and Jenkins Township did not vote at the organization meeting. Speidel testified that the elected directors in those districts were allowed to vote because they had "cooperated" with the boards of control. We find no authority for such discrimination.

Act no. 553 of 1961 is quite clear. The elected school directors are the ones who prepare for the functioning of the merged district. There is no reference whatsoever in that act to boards of control. Furthermore, the Act of December 15, 1959, P. L. 1842, sec. 2 (sec. 693 as added), which provides for the appointment of a board of control, specifically declares that the board shall have power to exercise the rights, powers, ". . . conferred by law on the board of school directors of the distressed district." The merged district, which has not yet come into being, is not and cannot be classified as a distressed district.

Though a board of control is appointed by the court, the elected school directors continue in office and are permitted to perform such functions as the board of control may allow them to perform. In fact, under section 695, it is expressly provided that:

"The school directors of a distressed district may not resign their offices, and shall continue in office, . . . for the remainder of their terms during the time the district is operated by the special board of control and shall perform any duties delegated to them by it. The assumption of control of a distressed school district by the special board of control shall in no way interfere with the regular election or reelection of school directors for the district." (24 PS §6-695)

The advice we gave to the two members of the board of control was proper. The advice from Mr. Speidel, upon which they acted, was improper and led to illegal acts upon their part.

Be it said, to the credit of the attorney general, he agrees with the court.

When asked whether the department would persist in asserting the right of the members of the board of control to vote in connection with matters of the merged district, Mr. Speidel declared:

"Your Honor, may I say this, that we are greatly concerned and met, Mr. Friedman (Deputy Attorney General), Mr. Killian (Deputy Attorney General), Mr. Mendelsohn (Assistant Attorney General), and Attorney General Stahl yesterday, we met together and they have told me that my advice was incorrect; they feel that I did not have the authority to advise the Board and certainly I would withdraw such advice in the future."

Under the circumstances, and because it would be rather difficult to get two other citizens to act as members of the board of control for just a few months, we will overlook the improper conduct of the members of the board of control, and we enter the following

### Order

Now, January 23, 1962, relying upon the assurance that they will not interfere again in the affairs of the

merged district, the rule to show cause why Charles Burkel and Edward Dugan should not be removed as members of the Special Board of Control for the School District of Duryea Borough is discharged and they are permitted to resume the functions of said board.